FILED

DEC 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARTIN CELESTINO MORALES-
GUMECINDO, a.k.a. Martin Celestino-
Gomesindo, a.k.a. Martin Celestino
Gomesindo Morales, a.k.a. Martin
Morales-Gumecindo,

Defendant-Appellant.

No.   16-10034

D.C. No. 4:15-cr-00790-CKJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Martin Celestino Morales-Gumecindo appeals from the district court's

judgment and challenges the 41-month sentence imposed following his guilty-plea

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Morales-Gumecindo contends that the district court procedurally erred by failing to consider the proposed amendments to U.S.S.G. § 2L1.2 at sentencing. This claim fails. *See United States v. Ruiz-Apolonio*, 657 F.3d 907, 917 (9th Cir. 2011) (["W]here an amendment has been promulgated but has not yet been adopted, district courts are not *required* to consider that amendment in the § 3553 analysis . . .").

Morales-Gumecindo next argues that his sentence is substantively unreasonable. He contends that the 16-level enhancement he received for his prior offense resulted in a Guidelines range that was unreasonable. The court did not abuse its discretion in sentencing Morales-Gumecindo. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Morales-Gumecindo's criminal history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**